Harmon J. MAXWELL and Walsie Lear MAXWELL
*v.* Margie SUTTON

CA 81-54                                              621 S.W. 2d 239

Court of Appeals of Arkansas
Opinion delivered September 23, 1981

360

*Felver A. Rowell, Jr.,* for appellants.

*Gilbert A. Glover,* for appellee.

Tom Glaze, Judge. This appeal is the result of a feud between next door neighbors. Appellants and appellee filed actions against one another in the Conway County Chancery Court, each alleging the maintenance of a nuisance and requesting injunctive relief. The trial court dismissed appellants' claim but granted relief to appellee, enjoining appellants from harassing appellee by calling the Morrilton City Police Department. Appellants contend on appeal the evidence was sufficient to support their request to enjoin certain acts committed by the appellee, and they also argue

the chancellor erred in restraining the personal conduct of appellants.

Arkansas case law adopts the general rule that before a court of equity will enjoin either a public or private nuisance there must be some actual or threatened interference to property or rights of a pecuniary nature as distinguished from personal rights. *Smith* v. *Hamm*, 207 Ark. 507, 181 S.W. 2d 475 (1944). The court in *Smith* held further that although equity will not intervene by injunction to restrain acts that are merely criminal, this does not preclude injunctive relief against the commission of criminal acts which cause irreparable injury to the complainant's property or pecuniary rights.

In the instant case, the parties' allegations and evidence largely center on the other's personal conduct, which they contend amounts to a nuisance. However, neither appellants nor appellee alleged or showed that the conduct and acts of which they complained affected their respective property or pecuniary rights.

In *Webber* v. *Gray*, 228 Ark. 289, 307 S.W. 2d 80 (1957), our Supreme Court took a more relaxed view of the rule noted in *Smith* v. *Hamm, supra*, that equity has no jurisdiction to protect personal rights where no property rights are involved. In doing so, the court in *Webber* adopted the Massachusetts rule announced in *Kenyon* v. *City of Chicopee*, 320 Mass. 528, 70 N.E. 2d 241 (1946), and stated as follows:

"We believe the true rule to be that equity will protect personal rights by injunction upon the same conditions upon which it will protect property rights by injunction. In general, these conditions are, that *unless relief is granted a substantial right of the plaintiff will be impaired to a material degree; that the remedy at law is inadequate; and that the injunctive relief can be applied with practical success and without imposing an impossible burden on the court or bringing its processes into disrepute.*" [Emphasis supplied.]

In applying the foregoing rule, the court determined that Gray had no remedy at law because the actions directed by Webber against Gray were not criminal even though Gray had been subject to almost incessant harassment by Webber over a period of years. Under these extraordinary circumstances, the court upheld an order enjoining Webber from committing certain acts of molestation against Gray.

When we apply the rule enunciated in *Webber* to the facts presented in the record before us, we have no problem in deciding that neither the appellants nor appellee were entitled to injunctive relief. As noted earlier, the parties failed to show that the conduct of which they complained in any way affected property or pecuniary rights. Moreover, the conduct and acts complained of by both appellants and appellee involve violations of criminal statutes, and they do have a remedy at law.

We first consider the action brought by appellants. The trial court correctly dismissed appellants' action not only because they have an adequate remedy at law, but they also failed to prove the allegations contained in their complaint. It was the burden of appellants to show through clear evidence that the conduct which took place on appellee's property was a nuisance. See *Green* v. *Smith*, 231 Ark. 94, 328 S.W. 2d 357 (1959). Appellants offered testimony to the effect that loud noises, drinking, fighting and obscenitites had occurred on appellee's property at all hours of the day and night. This testimony was contradicted by appellee and by testimony given by witnesses for appellee, including two neighbors who depicted her as a good neighbor. These neighbors denied that appellee had done any of the acts attributed to her by appellants. The chancellor dismissed appellants' action after considering testimony which was in great conflict. We must give due regard to the opportunity of the trial court to judge the credibility of the witnesses, and the findings of the chancellor will not be reversed unless clearly against a preponderance of the evidence. Rule 52, Arkansas Rules of Civil Procedure and *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W. 2d 404 (1981).

Next, the appellee brought her action alleging that

appellants harassed her by using loud and profane language, using obscene gestures, causing a fight, parading in front of their windows without adequate clothes and making frivolous calls to the police. On conflicting testimony, the trial court granted appellee a limited order which enjoined appellants from harassing the appellee by calling the police to her residence. We have little doubt that the chancellor was correct in his analysis that some of the calls made to law enforcement officials by appellants were intended to harass and seriously annoy the appellee. We are also convinced that appellee is afforded a remedy at law since this type conduct is covered by our Arkansas Criminal Code. See Ark. Stat. Ann. § 41-2909 (1) (e) (Repl. 1977).[1]

If appellants continue to pursue the telephone calls which the chancellor felt compelled to restrain, appellee may initiate a criminal action against appellants. The court in the *Webber* case held that chancery court was without power to restrain a party from filing a law suit for damages. We also believe that, under circumstances like those before us, chancery court cannot enjoin a party from calling the police or other law enforcement agency. To hold otherwise may cause some rather disastrous, even horrifying, results. If appellants abuse their personal rights on this issue, the criminal court can certainly make that decision.

In conclusion, we note that the trial court did not, and correctly so, attempt to restrain any of the other personal misconduct of the parties. Again, no property or pecuniary rights were shown to be affected. Suffice it to say that a review of the allegations made by the parties against one another are similar, *e.g.*, fighting, profanity, public drinking, and other acts of public disturbance. The Arkansas Criminal Code contains numerous provisions which punish this type conduct, and these matters may be laid to rest between the parties by their initiating appropriate criminal proceedings.

---

[1] 41-2909. Harassment. — (1) A person commits the offense of harassment if, with purpose to harass, annoy, or alarm another person, he:

* * *

(e) engages in conduct or repeatedly commits acts that alarm or seriously annoy another person and that serve no legitimate purpose.

We affirm the trial court's decision dismissing appellants' complaint, but we reverse its decision regarding appellee's action. We direct that appellee's complaint also be dismissed.

Affirmed in part and reversed and remanded in part.

MAYFIELD, C.J., not participating.